OPINION
{¶ 1} On March 7, 2002, the Richland County Grand Jury indicted appellant, Thomas Larkins, on one count of escape in violation of R.C.2921.34. Said charge arose from appellant's failure to report to his parole officer.
 {¶ 2} On September 30, 2002, appellant filed a motion to dismiss, claiming the indictment was a retroactive application of the law as he was in prison prior to the escape statute's applicability to parolees. By judgment entry filed November 19, 2002, the trial court denied said motion.
 {¶ 3} On November 20, 2002, appellant pled no contest. The trial court found appellant guilty. By judgment entry filed November 22, 2002, the trial court sentenced appellant to one year in prison.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT COMMITTED ERROR AS A MATTER OF LAW IN FAILING TO DISMISS THE INDICTMENT OF THE DEFENDANT AS AN EXPOST FACTO, RETROACTIVE APPLICATION OF THE LAW."
 I {¶ 6} Appellant claims the trial court erred in denying his motion to dismiss. We disagree.
 {¶ 7} On May 23, 1994, appellant was sentenced to an aggregate term of four to fifteen years in prison. On August 21, 2000, appellant was released from prison and placed on parole. On October 10, 2000, appellant failed to report to his parole officer. As a result, appellant was charge with escape in violation of R.C. 2921.34. Said statute states as follows:
 {¶ 8} "No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement."
 {¶ 9} Prior to October 4, 1996, "detention" did not include supervision of probation or parole. R.C. 2921.01(E). Said statute was amended on October 4, 1996 to include "supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution." As a result, R.C. 2921.34
became applicable to probationers and parolees.
 {¶ 10} Appellant argues because the escape statute became applicable while he was in prison, the "application of the new ORC 2921.34
effective October 4, 1996, was an improper retroactive application of the law and an expost facto violation." Appellant's Brief at 3.
 {¶ 11} In State v. Goode, Cuyahoga App. No. 80525,2002-Ohio-3789, ¶ 20, the Eighth District reviewed this issue and found, in light of the March 17, 1998 amendment to R.C. 2967.15(C)(2) which removed the parolee exemption from the prosecution of escape, no conflict in law existed and "a parolee is subject to prosecution for escape if the conduct constituting escape occurs after March 17, 1998." We agree with this decision based upon the well reasoned analysis contained in the opinion therein.
 {¶ 12} Upon review, we find the applicability of R.C. 2921.34
sub judice is not "an improper retroactive application of the law and an expost facto violation" and the trial court did not err in denying appellant's motion to dismiss.
 {¶ 13} The sole assignment of error is denied.
 {¶ 14} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J., and Edwards, J. concur.